UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| BRAYLON JAMES GUIDRY, *et al* <br>                   PLAINTIFFS <br> VERSUS <br><br> GEORGIA GULF LAKE CHARLES, <br> LLC, *et al* <br>                   DEFENDANTS | CIVIL ACTION NO. 2:08-CV-3000 <br> PM-KK <br><br> JUDGE DONALD E. WALTER <br><br> MAGISTRATE KATHLEEN KAY |

## CONSENT PROTECTIVE ORDER

The foregoing "Unopposed *Ex Parte* Motion for Entry of Consent Protective Order" considered,

**IT IS ORDERED** that the following Consent Protective Order is entered in the above - captioned consolidated matter:

1. No information or materials - whether a document (in paper, electronic or any other form), information or thing, process, formula, photograph, information set forth in a document, photograph or video, or information revealed during a deposition, search, inspection or otherwise, or information revealed in an interrogatory answer, response to a discovery request or otherwise including, without limitation photographs and videos, tangible things and electronic information - of any type, kind or character that is, or previously has been produced, revealed or otherwise provided by Georgia Gulf Lake Charles, LLC ("Georgia Gulf') to plaintiffs or plaintiffs' counsel of record in the course of the above-captioned civil action and that is designated by Georgia Gulf as "Confidential Information" shall be (a) disclosed or made available by plaintiffs or plaintiffs' counsel of record to any person who is not a "Qualified Person," as that term is defined below, (b) utilized in any document or proceeding except in accordance with the terms of this Consent Protective Order, or (c) posted (directly, through one or more links or otherwise) on any web-site or other location on or which may be found through the Internet, the

World Wide Web, any Intranet and/or any network(s) linking computers and accessible by any person(s) not identified as a "Qualified Person" below, until a final determination that such designated information or material is not proprietary or otherwise confidential and due protection under the applicable procedural article(s) or rule(s) has been entered by a Court in the above-captioned consolidated matters, and then such disclosure, utilization and/or posting shall be made only in conformance with such final determination and Order(s).

Georgia Gulf may also designate as "Confidential Information" any information and materials - including, without limitation photographs and videos, tangible things and electronic information - of any type, kind or character which is or has been gained, acquired or learned by plaintiffs and/or his/her agents, attorneys, or representatives, when such persons enter(ed) Georgia Gulfs Westlake, Louisiana facility for the purpose of sampling, documenting, viewing, photographing, and/or videotaping any operations and equipment, or any portion thereof, which may be situated within such facility or plant.

Georgia Gulf shall have the right to request editing of any photographic or video media taken of its Westlake facility or any portion thereof. Any such editing shall occur in the presence of the party responsible for the photographing or videotaping. In the event that there is disagreement as to the propriety of or need for editing or redacting of material deemed irrelevant or otherwise objectionable by Georgia Gulf, the matter will be submitted to the Court for an appropriate ruling, and no use of the material and no disclosure thereof shall be made until such time as such ruling can be obtained. In order to give effect to this provision, plaintiffs' counsel shall, prior to leaving the facility, download to a Georgia Gulf computer or otherwise allow Georgia Gulfs representative to view all film, video, memory cards and other storage media containing depictions of all or part of the facility.

2. Georgia Gulf will designate as "Confidential Information" only such information and

material which it reasonably believes contains or depicts confidential, secret or proprietary information. In the event that plaintiffs do not agree as to the propriety of such a designation, the matter shall be submitted to this Court for an appropriate ruling, and no use of the materials or disclosure thereof in violation of this Order shall be made until such time as a ruling can be obtained. In such case, Georgia Gulf, as the party seeking to designate such document(s) or information as Confidential Information, shall have the burden of proving by a preponderance of evidence the confidential, secret or proprietary nature of the document(s) or information. Plaintiffs' treatment of information as "Confidential Information" in accordance with the terms of this Consent Protective Order shall not be considered as evidence that the plaintiffs concur in the propriety of such designation by Georgia Gulf.

3. "Qualified Persons" as used herein, means:

   A. Attorneys of record and attorneys designated as "of counsel" in the captioned matter and regular employees or independent contractors of such attorneys to whom it is necessary that the material be shown for purposes of the Litigation;

   B. Independent technical or legal experts or consultants, defined as persons:

   1) who are retained by an attorney of record in this action solely for the purposes of discovery, preparation, trial or appeal of the Litigation; and

   2) who have been provided with a copy of this Consent Protective Order and have executed the *Acknowledgment of Terms of the Consent Protective Order,* attached as Exhibit "A" hereto, prior to receiving any such Confidential Information. A list shall be maintained by counsel for all parties to the Litigation of the names of all persons to whom confidential documents are disclosed and to whom the information contained therein is disclosed, and the documents or information disclosed to each

{B0709615.1}

such person. At the time of the termination of the Litigation, by settlement, judgment or otherwise, each counsel shall provide Georgia Gulf with a copy of the aforementioned list.

C. Regular employees of named parties in the Litigation to whom it is necessary that the material be shown for purposes of this Litigation; and

D. The Court and all Court personnel to whom it is necessary that the material be shown for purposes of the Litigation.

4. Documents and things produced in this action may be designated as "Confidential Information" by marking, in the case of a document, the initial page, and in the case of a thing, affixing an appropriate label, such as the following:

CONFIDENTIAL INFORMATION - CONSENT PROTECTIVE ORDER NO. 2:08-CV-3000, UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF LOUISIANA

In lieu of marking the originals of a document or thing, if the original is not produced, Georgia Gulf may mark the copies that are produced or exchanged. In the event any such document shall be broken into parts or summarized in a document prepared for such purpose, then the initial page of each part or summary shall be marked as set forth herein. Each page of any document designated as "Confidential Information" shall be marked as "Confidential Information."

5. Depositions.

A. In order to designate "Confidential Information" disclosed at any deposition, Georgia Gulf shall notify the court reporter that the deposition or any portion thereof is "Confidential Information" and that the transcript is to be maintained and supplied under seal and bear an appropriate legend that the deposition is

        subject to the provisions of this Consent Protective Order.

    B.    Georgia Gulf may also designate information disclosed at such deposition as "Confidential Information" by notifying all of the parties, in writing, within sixty (60) days after receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential Information" thereafter. Each party shall thereafter attach a copy of such written notice or notices to the front of the transcript and each copy thereof it's in his/her possession, custody or control. All deposition transcripts shall be treated as "Confidential Information" for a period of sixty (60) days after receipt of the transcript unless otherwise agreed by the parties at the time of the taking of the deposition or within the sixty-day period.

    C.    To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Confidential Information" with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing "Confidential Information" shall have page numbers in the sequence of the manner in which testimony was taken, as if those pages were not segregated.

6.    "Confidential Information" shall not be disclosed or made available by the receiving party to persons other than "Qualified Persons" as defined in Paragraph 3, which disclosure shall not destroy the confidentiality of the "Confidential Information." Copies of documents produced under this order may be made, or exhibits prepared, however, by independent printers or illustrators for purposes of the Litigation provided the party having such copies made or exhibits prepared ensures that the independent printers or illustrators are bound by confidentiality provisions no less burdensome than this agreement.

{B0709615.1}

7.  Nothing herein shall prevent disclosure beyond the terms of this Consent Protective Order if Georgia Gulf consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. Nor shall anything herein prevent any counsel of record from utilizing "Confidential Information" in the examination or cross-examination of any person who is the author of, recipient of, corporate representative designated most knowledgeable of such document, any employee of Georgia Gulf or any expert witness.

8.  If Georgia Gulf inadvertently discloses to a receiving party any information or document without marking it as "Confidential Information," Georgia Gulf shall promptly advise the receiving party in writing and thereafter the receiving party shall treat the information as "Confidential Information," except as to non-qualified persons who may have reviewed it before the notice was received, in which case the receiving party will make a good faith effort to apprise such non-qualified persons of the confidential nature of the disclosed information.

9.  In the event that a litigant or party to the Litigation wishes to use any "Confidential Information" in any affidavits, briefs, memoranda of law, trial exhibits or other papers filed in Court in this action, such "Confidential Information" used therein shall be marked as an Exhibit to a related pleading, motion, memorandum or other document, and be filed and maintained under seal by the Court. Use of explicit "Confidential Information" in the document filed in the public record should be avoided. It is the responsibility of the litigant or party filing such papers containing information designated by any party as "Confidential Information" to identify and mark such papers to be filed as "Confidential Information" and to instruct the Clerk of Court to file such papers under seal. As far as the provisions of this Order restrict the communication and use of any documents produced thereunder, such

{B0709615.1}

Order shall continue to be binding at the conclusion of the Litigation except (a) that there shall be no restriction of documents that are used as exhibits in Court (unless such exhibits were admitted under seal), and (b) that a party may seek written permission from the producing party for an order of the Court with respect to the dissolution or modification of these provisions.

10. Within sixty (60) days after conclusion of the Litigation, all counsel shall return all information, materials, documents and things produced by Georgia Gulf and designated confidential under this Order, and all reproductions thereof, in the possession of any of the persons qualified under 3(A) through (C) and (E), except as this Court may otherwise order. However, Georgia Gulf shall have the option to allow the certified destruction of same by the party to whom production was made. Sealed Exhibits will be disposed of after the conclusion of the case.

11. As used in this Consent Protective Order, the term "Litigation shall mean the litigation entitled "*Braylon James Guidry, et al v. Georgia Gulf Lake Charles, LLC, et al.*" and the litigation entitled "*Edwina Harmon Bushnell et al. v. Georgia Gulf Lake Charles, LLC et al.*"

12. This Consent Protective Order shall apply to any and all Confidential Information produced by Georgia Gulf prior to the entry of this Consent Protective Order, as well as any materials produced by Georgia Gulf during the course of the Litigation, including but not limited to all documents previously produced and designated confidential in other matters, and which were subsequently produced to plaintiffs or plaintiffs' counsel in this Litigation.

l3. Any violation of the terms of this Consent Protective Order by any party to the

{B0709615.1}

Litigation, any Litigant or its/his/her employee(s), or person who has executed the acknowledgement attached hereto as Exhibit "A," shall subject the violator to such penalties as may be deemed appropriate by the court including, but not limited to, judicial sanctions, civil contempt, damages and attorney's fees.

14. Privacy Concerns. The production and gathering of documents shall be subjected to any applicable provision(s) of the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and the provisions of the E-Government Act of 2002, as well as the local rules of the Western District Court.

**IT IS SO ORDERED** this  7th  day of February , 2011.

_____
UNITED STATES DISTRICT COURT

{B0709615.1}

# EXHIBIT "A"

## ACKNOWLEDGMENT OF TERMS OF THE CONSENT PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has been provided with and read the Consent Protective Order entered in the matter entitled *"Braylon James Guidry, et al v. Georgia Gulf Lake Charles, et al,"* and all consolidated cases, presently pending in the United States District Court, for the Western District of Louisiana, No. 2:08-CV-3000, and that he/she understands the terms thereof and agrees to be bound by such terms.

Dated: _____, 20___.


_____
Signature


_____
Printed Name

{B0709615.1}