THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRAYLON JAMES GUIDRY ET AL** | : | **DOCKET NO. 08-cv-3000** |
| **VS.** | : | **JUDGE WALTER** |
| **GEORGIA GULF LAKE CHARLES , LLC** | : | **MAGISTRATE JUDGE KAY** |

<u>**ORDER**</u>

**I.
Background**

On November 24, 2010, defendants filed a motion for a protective order [Doc. 57] in response to plaintiff's discovery requests. Defendants argue that some of the documents requested by plaintiffs are protected by the attorney client and/or work product privilege. In connection with its responses to discovery, defendants provided plaintiffs with a privilege log listing some 1305 items it deems protected from discovery. [Doc. 101, Att. 2]. On January 4, 2011, plaintiffs filed an objection to defendant's privilege log [Doc.75] which this court converted to a motion for discovery. A hearing was held on these motions on January 27, 2011.

Following argument of counsel, the court granted defendants' motion for a protective order to the extent that defendants are not required to produce any privileged information. The court denied plaintiffs' motion for discovery, however, resolved to "conduct an in camera inspection of the documents and [to] order production of any document that is contained in the log that is not found to be privileged." [Doc. 95].

## II.
## Law and Reasons

The attorney work-product privilege "derives from the desire to facilitate effective advocacy." *In re Burlington Northern, Inc.*, 822 F.2d 518, 524 (5th Cir. 1987). The scope of the work-product privilege is defined in Rule 26(b)(3), which provides:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But . . . those materials may be discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
> > (ii) the party shows that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.
>
> (B) Protection Against Disclosure. If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.

Fed. R. Civ. P. 26(b)(3)(A), (B). The attorney work-product privilege can thus be asserted when used to allow counsel a "certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel," in the absence of which "the interests of the clients and the cause of justice would be poorly served." *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947). Pursuant to the Rules, that party must "expressly make the claim" of privilege and "describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Here, this obligation is carried out by means of a privilege log.

The attorney-client privilege rests on the need to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests

in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The privilege applies only if: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. *Myers v. City of Highland Village*, 212 F.R.D. 324, 326 (E.D. Tex. 2003) (citing U.S. v. Kelly, 569 F.2d 928, 938 (5th Cir. 1978)).

### III.
### Ruling on Materials Submitted for *In Camera* Inspection

Today, the court rules on 1305 documents contained in the privilege log. Defendants have submitted documents for in camera inspection and determination of whether the attorney-client privilege and/or the work product privileges are applicable. The court has reviewed these documents in detail and has found all but the following logs to be privileged, as they do not pertain to the litigation, in no way constitute legal advice, and the communication did not relate to a "professional legal advisor in his capacity as such": log numbers 174, 175, 384, 383, 375, 714, 910, 935, 998, 1012, 1013, 1031, and 1056. *Bowman v. Brush Wellman, Inc.*, No. 00-50264, 2001 WL 1098056, *3 (N.D. Ill. Sept. 13, 2001):

### IV.
### Conclusion

Plaintiffs are ORDERED to produce the items identified in this ruling as not subject to the privileges within fourteen days of service of this order. Pursuant to 28 U.S.C. § 636 and Fed.

3

R. Civ. P. 72(a), a party may object to the findings of a magistrate's order on the grounds that it is clearly erroneous or contrary to law within 14 days of service. Should either party appeal this order, the time for production will be stayed pending resolution by the district judge.

THUS DONE this 7th day of February, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE