UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRAYLON JAMES GUIDRY, et al** | : | **DOCKET NO. 08-cv-3000** |
| **VS.** | : | **JUDGE WALTER** |
| **GEORGIA GULF LAKE CHARLES, LLC, et al** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Partial Summary Judgment (Doc. 122) filed by defendants, Georgia Gulf Lake Charles, LLC, and Chartis Specialty Insurance Company ("defendants"). Defendants seek summary judgment dismissing any and all claims of plaintiff, Marva Harmon Arvie, related to lost income, loss of earning capacity, or any other economic damages she alleges in her Petition for Damages. Defendants also seek summary judgment dismissing the claims of plaintiff Ricky Harmon related to any injuries or illnesses to his eyes or vision as alleged in the Petition. Plaintiffs have filed an Opposition to the motion (Doc. 155) wherein they concede that they have agreed to voluntarily dismiss with prejudice the claims of Marva Harmon Arvie relating to loss of income and earning capacity. Plaintiffs, however, contend that the eye injury of Ricky Harmon, although not currently manifested, may be a latent injury and thus contend that this claim should be dismissal without prejudice.

### *Summary Judgment Standard*

Summary Judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of

1

law. Fed.R.Civ.P. 56(c). *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, deposition, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2548, 2510, 91 L.Ed.2d 202 (1986). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex,* 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. The court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kidak v. Image Technical Services,* 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992). However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); see also *Topalian v. Ehrman,* 945 F.2d 1125, 1131 (5th Cir. 1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

### *Claims of Marva Harmon Arvie*

In their opposition, Plaintiffs concede that on November 24, 2010, the parties agreed to dismiss the claims of Marva Harmon Arvie with prejudice.[1] Therefore, the Motion for Summary Judgment on this issue is moot and this court recommends that those claims of plaintiff, Marva Harmon Arvie related to lost income, loss of earning capacity, or any other economic damages, be dismissed with prejudice.

---

[1] Doc. 155, p. 1.

### *Claims of Ricky Harmon*

In support of their motion, Defendants submit that neither of Plaintiffs' experts can identify any medical problems associated with Mr. Harmon that are related to the incident that is the subject of this lawsuit.[2] Additionally, Defendant's expert concluded that Mr. Harmon's vision was normal and noted no sign of chemical exposure.[3] Further, on the day prior to deposing Mr. Harmon's former treating ophthalmologist, defense counsel was informed by Plaintiffs, via email, that "Ricky Harmon is dismissing his claims regarding injuries to his eyes."[4] Defendants thus argue that they are entitled to summary judgment based on the fact that Plaintiffs cannot meet their burden of proof because there is no medical evidence regarding injury to Mr. Harmon's eyes.

In their opposition, Plaintiffs do not disagree with Defendant's assertion that there is no medical evidence to substantiate Ricky Harmon's eye injury. Instead, they contend that Ricky Harmon's "eyes may have been injured in the 2007 chemical release, but, fortunately, he has no eye damage that can be observed at this time."[5] They submit that his claims should be dismissed *without prejudice* "for fear of an extended latency period" for manifestation of an eye injury.[6]

Plaintiffs' argument is without merit. The burden is on Plaintiffs to put forth evidence demonstrating that there is an issue for trial and yet they admit that they have no evidence of the injuries complained of. Plaintiffs have failed to present sufficient evidence to create a genuine issue of material fact regarding the eye injuries to Ricky Harmon. Therefore, this court

---

[2] Doc. 122, Att. 2, pgs. 2-3, 6-7.
[3] *Id.*
[4] *Id.* at 4; Att. 10, Ex. H.
[5] Doc. 155, p. 2.
[6] *Id.*

recommends that summary judgment be granted and those claims of plaintiff, Ricky Harmon related to any injuries or illnesses to his eyes or vision be dismissed with prejudice.

For the foregoing reasons, this court concludes that Defendants' Motion for Partial Summary Judgment (Doc. 122) should be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED, in Chambers, at Lake Charles, Louisiana, this 21st day of April, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE