UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BRAYLON JAMES GUIDRY, et al | : | DOCKET NO. 08-cv-3000 |
| VS. | : | JUDGE WALTER |
| GEORGIA GULF LAKE CHARLES, LLC, et al | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment (Doc. 123) filed by defendants, Georgia Gulf Lake Charles, LLC and Chartis Specialty Insurance Company ("defendants"). Defendants seek summary judgment dismissing any and all claims filed against them by all of the plaintiffs alleging that plaintiffs will not be able to satisfy their burden of proof at trial. Plaintiffs have filed an Opposition the motion (Doc. 148) requesting that the court defer ruling on the motion in order to allow time for additional discovery in accordance with Fed.R.Civ.P. 56(d).

### *Background*

In their complaint Plaintiffs seek damages for exposure to chemicals released from a fire that occurred on November 10, 2007 at the Georgia Gulf facility in Westlake, Louisiana. In the course of discovery, Plaintiffs produced several expert reports regarding causation. Specifically, Plaintiffs produced reports from Dr. Gary Miller, Dr. Harold Brandt, Dr. Cary Rostow and Dr. Vincent Wilson. Defendants moved to strike and/or exclude these reports as being either

1

untimely or failing to conform with Fed.R.Civ.P. 26(a)2.[1]  At a hearing held on April 15, 2011

before the undersigned, the court granted Defendants' Motions in Limine to Exclude the

testimony of Drs. Gary Miller, Harold Brandt, Cary Rostow and Vincent Wilson.[2]  The court

next considered Defendants' Motion for Summary Judgment and concluded that based on its

rulings excluding plaintiffs' expert testimony, Plaintiffs would possess insufficient evidence to

meet their burden of proof at trial.[3]  Consequently, this Report and Recommendation is issued

recommending that the Motion for Summary Judgment be GRANTED.

### *Law and Analysis*

Summary Judgment is appropriate when the movant is able to demonstrate that the

pleadings, affidavits, and other evidence available to the court establish that there are no genuine

issues of material fact, and that the moving party is entitled to summary judgment as a matter of

law.  Fed.R.Civ.P. 56(c).  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-

54, 91 L.Ed.2d 265 (1986).  When the nonmoving party has the burden of proof on an issue, the

movant must state the basis for the motion and identify those portions of the pleadings,

deposition, admissions, answers to interrogatories, together with affidavits, that demonstrate the

absence of a genuine issue of material fact.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248,

106 S.Ct. 2548, 2510, 91 L.Ed.2d 202 (1986).  A mere conclusory statement that the other side

---

[1] Defendants filed the instant Motion for Summary Judgment contemporaneously with their Motiion in Limine to exclude the testimony of Dr. Gary Miller (Doc. 115), Motion in Limine to exclude the testimony of Dr. Harold Brandt (Doc. 118), Motion in Limine to exclude the testimony of Dr. Cary Rostow (Doc. 120), and Motion in Limine to exclude the testimony of Dr. Vincent Wilson (Doc. 121).  The Motion for Summary Judgment is premised on the court granting these motions to exclude the testimony of Plaintiffs' experts.

[2] At the time of preparation of this Report and Recommendation the minutes of the mentioned hearing had yet to be docketed.  Accordingly we are unable to cite to the docket sheet those minutes indicating granting of the mentioned motions.

[3] In the case entitled *Edwina Harmon Bushnell, et al v. Georgia Gulf Lake Charles, et al,* #07-3000 on the docket of this court, a case that involved a fire at the Georgia Gulf facility that occurred in 2006, the plaintiffs had retained the same experts, similar if not identical issues regarding problems with the expert reports were raised in that litigation, and the trial judge in that case made similar rulings excluding the testimony of Plaintiffs' experts.  On the morning that the matter (docket number 2007-3000) was set to proceed to trial and apparently in light of the court's evidentiary rulings excluding experts, counsel for Plaintiffs proffered no evidence and rested his case.  A judgment was signed on March 24, 2011 (2007-3000, Doc. # 254) dismissing the matter with prejudice.

has no evidence is not enough to satisfy a movant's burden.  See *Celotex,* 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e); *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. The court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment.  *Eastman Kidak v. Image Technical Services,* 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992). However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings.  Fed.R.Civ.P. 56(e); see also *Topalian v. Ehrman,* 945 F.2d 1125, 1131 (5th Cir. 1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992).

In their motion, Defendants' contend that if the court grants their motions to exclude, Plaintiffs will have no expert testimony upon which to rely to establish their burden of proof at trial.  Defendants', citing *Allen v. Pennsylvania Eng'g Corp.,* 102 F.3d 194, 199 (5th Cir. 1996), note that the Fifth Circuit has found that "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden in a toxic tort case."  Without expert testimony presenting scientific data regarding the level of chemicals released and the actual level plaintiffs were exposed to, Defendants claim that Plaintiffs will be unable to meet their burden of proof at trial and summary judgment is therefore proper.

In their Opposition, Plaintiffs do not contest Defendant's argument as stated above. Rather, Plaintiffs propose, via a document submitted entitled "Declaration of J. Arthur Smith, III", (Doc. 148, Att. 1, pgs. 1-2) that pursuant to Fed.R.Civ.P. 56(d), they are unable to present

facts essential to their opposition.  The declaration submitted by Mr. Smith states, "… without accurate information as to the identity of the chemicals released on November 10, 2007, the amount of the releases, and the dispersion of air pollutants from this release, I cannot prove the dose and concentration sustained by any particular Plaintiff in connection with the November 10, 2007 release."  Doc. 148, Att. 1, p.1.  Plaintiffs request that the court allow additional time for discovery from the Defendants or alternatively, that the court allow Dr. Miller and Mr. Black to provide expert witness reports and defer ruling on the motion until such time as these two experts have submitted their respective reports.[4]

In reply, Defendants rely on the case of *Courtesy Outdoor Finance, LLC v. Bass Ltd.,* 2011 WL 933957 (W.D. La. 2011), which sets forth the factors for the court to consider when faced with a Rule 56(d) request.  After setting forth the language of the rule, Judge Melancon, quoting extensively from the 5th Circuit notes

> "Rule 56(d) discovery motions are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.' *Culwell v. City of Fort Worth,* 468 F.3d 868, 871 (5th Cir.2006).  The nonmovant, however, 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.' *SEC v. Spence & Green Chem. Co.,* 612 F.2d 896, 901 (5th Cir.1980).  Rather, a request to stay summary judgment under Rule 56(d) must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.' *C.B. Trucking, Inc. v. Waste Management Inc.,* 137 F.3d 41, 44 (1st Cir.1998) (internal quotation marks and citations omitted).  'If it appears that further discovery will not provide evidence creating a genuine issue of material fact, the district court may grant summary judgment.' *Access Telecom, Inc. v. MCI Telecomm. Corp.,* 197 F.3d 694, 720 (5th Cir.1999); *see also Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir.1990) ('This court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a

---

[4] Attached to the Opposition is a declaration of Dr. Gary Miller (Doc. 148, Att. 1, pgs. 3-5) wherein he asserts that he cannot determine the identity or amount of chemicals released in connection with the 2007 fire without certain information that was requested from but never produced by Defendants.  Also attached is a declaration of Mr. John Black (Doc. 148, Att.1, p.8) who asserts that he is unable to prepare his report or air-modeling without Dr. Miller's determination of the identity and amount of chemicals released in the 2007 fire.

motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.')."  *Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir., 2010). Thus, to obtain a Rule 56(d) continuance in order to conduct further discovery prior to a ruling on a motion for summary judgment, the nonmovant must make essentially three showings: (1) a description of the particular discovery the movant intends to seek; (2) an explanation showing how that discovery would preclude the entry of summary judgment; and (3) a statement justifying why this discovery had not been or could not have been obtained earlier.  *Id.*

*Id.* at *4.

Defendants contend that Plaintiffs have failed to make any showing which would satisfy the above requirements.  In sum, they argue that any information or discovery that Plaintiffs contend they need to avoid summary judgment and prepare their case for trial is lacking simply because they failed to timely conduct discovery in this case.

This court is not persuaded by Plaintiffs argument.  Plaintiffs have known since this action was filed in 2008 and that expert testimony would be required to support their claims. The Scheduling Order issued in this case, which was drafted by and consented to by all parties, clearly set forth deadlines for expert reports and consequences should a party fail to abide by the deadlines.  See Doc. 32.  Trial in this matter is scheduled to begin on May 9, 2011.  Plaintiffs cannot and have not sufficiently articulated why the alleged unproduced discovery was not or could not have been obtained earlier.[5]

Thus, this court recommends that Plaintiffs' request to defer ruling on the Motion for Summary Judgment be denied.

---

[5] The court notes that although Plaintiffs claim that Defendants have failed to respond to their requested discovery, the Plaintiffs did not file any Motion to Compel discovery from the Defendants.  The court also notes that on nearly every occasion for hearing in this case the plaintiffs have complained that they have not received information crucial to their presentation of their case yet no Motion to Compel was presented to the court.  This pattern is reminiscent of that which occurred in the unrelated but similar matter bearing docket number 07-3000 of this court.

Finding that without any expert testimony Plaintiffs cannot meet their burden of proof at the trial of this matter, this court recommends that Defendants' Motion for Summary Judgment be GRANTED dismissing any and all claims filed against them by all of the plaintiffs.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE AND SIGNED, in Chambers, at Lake Charles, Louisiana, this 21st day of April, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE